```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

DAVINA L. THOMPSON,

                      Plaintiff,              MEMORANDUM & ORDER
                                              23-CV-1167(EK)(MMH)
             -against-

ADMINISTRATION FOR CHILDREN
SERVICES and CHILDREN AID SOCIETY,

                      Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Davina Thompson, proceeding *pro se*, filed this action against the Administration for Children's Services ("ACS"), a city agency,[1] and the "Children Aid Society" ("Children's Aid"), a nonprofit organization.[2] She alleges that her two children were "abused while in the care of" ACS. Compl. 4, ECF No. 1. She seeks "compensation for pain and suffering" on behalf of her and her children. *Id.* at 6. Thompson's

---

[1] ACS is not a suable entity. Under New York City Charter, Ch. 17, § 396, "New York City departments" — like ACS — "lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008); *see, e.g.*, *Friedman v. N.Y.C. Admin. For Child.'s Servs.*, 502 F. App'x 23, 27 n.3 (2d Cir. 2012); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010). Given Thompson's *pro se* status, the Court construes this case as brought against the City of New York.

Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] The Children's Aid Society, now known as Children's Aid, has a foster care program. *See* Children's Aid, Family and Community, https://www.childrensaidnyc.org/programs/family-community (last visited Oct. 30, 2023).

application to proceed *in forma pauperis* ("*IFP*") is granted, but her complaint is dismissed without prejudice, as set forth below.

## I.  Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss an *IFP* case if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Documents "filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  At the same time, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, a court must dismiss a case if it lacks subject-matter jurisdiction to hear it.  Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  A complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  That statement must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.  Discussion

Thompson's complaint does not allege any clear basis for federal jurisdiction.  *See* Compl. 4 (omitting to check either of the boxes labeled "Federal question" or "Diversity of citizenship").  Federal courts have "jurisdiction over two general types of cases: cases that arise under federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a)."  *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Thompson does not plead facts to suggest either federal question or diversity jurisdiction.  She does not allege the violation of any federal laws or constitutional provisions, nor does it appear that there is any diversity of citizenship.  *See* Compl. 2 (providing New York addresses for all parties).  Because Thompson has not established that subject-matter jurisdiction exists here, the complaint must be dismissed.

The complaint suffers from several additional pleading deficiencies.  Thompson appears to assert claims for harms suffered by her children.  Generally, a non-attorney parent cannot bring claims on behalf of her child.  *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("[A]

3

well-established general rule in this Circuit [is] that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf."). And to the extent that she asserts claims on her own behalf, Thompson does not allege how any abuse her children suffered infringed on her rights or entitle her to relief. *See, e.g.*, *T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*, No. 11-CV-5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012) ("Section 1983 [the vehicle for vindicating violations of federal rights] does not recognize a claim on behalf of one person arising from a violation of another person's rights."); *Wrobleski v. City of New York*, No. 18-CV-8208, 2018 WL 10604749, at *3 (S.D.N.Y. Nov. 5, 2018) ("Where parents assert no harm other than emotional distress from injury to their child, . . . courts have held that parents lack standing to bring their own claims.").

The allegations here also do not satisfy Rule 8's fair notice requirement. "[A]t a minimum," a complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principal function of pleadings

4

under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."). The complaint fails to do so. While Thompson alleges that her children suffered abuse while in ACS's care, she includes no details regarding where, when, how, and by whom that harm occurred. Nor does she allege any facts specifically against Children's Aid. The complaint therefore fails to "disclose sufficient information to permit [each] defendant to have a fair understanding of what [Plaintiff] is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

### III. Leave to Amend

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Thompson may file an amended complaint within thirty days of this Order. Any amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. Thompson should explain what federal laws or constitutional provisions were violated. She must clearly identify the individual(s) who were personally involved in the events giving rise to her claims,

5

explain what each one did to cause her harm, and set forth some factual content regarding where, when, and how that harm occurred.  She should also state clearly what relief she is asking for.  If Thompson intends to bring claims on behalf of her children, she must also obtain legal counsel to represent them within thirty days of this Order.

Thompson is reminded that an amended complaint completely replaces all previous complaints filed in that action.  If she chooses to file an amended complaint, it must be submitted to the Court within thirty days from the date of this Order, be captioned as an "Amended Complaint," and bear the same docket number as this Order.

## IV.  Conclusion

For the reasons set forth above, the complaint is dismissed.  In light of Thompson's *pro se* status, the Court grants her leave to file an amended complaint and to obtain counsel for her children within thirty days from the entry of this Order as set forth above.  If Thompson fails to comply with this Order within the time allowed, she will not have another opportunity to replead, the case will be dismissed, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore

*IFP* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is requested to mail this Order to the plaintiff, along with forms for filing a civil rights action, and to note the mailing on the docket.

SO ORDERED.

                                          /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    October 30, 2023
            Brooklyn, New York